THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:08-cr-00021-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CHIARETTA JOAN OWLE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion to Seal [Doc. 105].

The Government, through counsel, moves the Court for leave to file a Motion to Modify an Imposed Term of Imprisonment under seal in this case. For grounds, counsel states that the motion includes detailed sensitive and private personal information concerning the Defendant's private personal medical information. [Id.].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be

rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

Here, the Government has demonstrated that the Motion to Modify an Imposed Term of Imprisonment contains sensitive medical information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. However, having considered less drastic alternatives to sealing the Motion to Modify an Imposed Term of Imprisonment in its entirety, the Court concludes that less drastic alternatives to wholesale sealing of the Motion to Modify an Imposed Term of Imprisonment are feasible.

Accordingly, the Government's Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Motion to Modify an Imposed Term of Imprisonment [Doc. 104] under seal. However, the Government shall also file a publicly accessible version of the Motion to

Modify an Imposed Term of Imprisonment with redactions to those portions containing sensitive medical information concerning the Defendant.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Seal [Doc. 105] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Government's Motion to Seal is **GRANTED** to the extent that the Government's Motion to Modify an Imposed Term of Imprisonment [Doc. 104] shall be filed under seal and shall remain under seal until further Order of the Court. The Government's Motion to Seal is **DENIED** to the extent that the Government shall have five (5) days from the entry of this Order to file an appropriately redacted Motion to Modify an Imposed Term of Imprisonment that shall be publicly available.

**IT IS SO ORDERED.**

Signed: June 20, 2018

Martin Reidinger
United States District Judge